IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL ALLEN PICKLE,            )
                                )
        Plaintiff,              )
                                )
v.                              )       Case No. 2:13-cv-01197-KOB-TMP
                                )
SHERIFF CHRIS CURRY, *et al.*,  )
                                )
        Defendants.             )

MEMORANDUM OF OPINION

The magistrate judge filed a report on October 24, 2013, recommending that this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 10). The plaintiff responded to the report and recommendation by filing a "Motion to Amend and Add Statement of Facts." (Doc. 12). To the extent the plaintiff's motion can be construed as objections to the report and recommendation, the motion is without merit and, therefore, **DENIED** as moot. Further, for the following reasons, the court finds the report and recommendation is due to be accepted and the case dismissed.

The plaintiff supplements the allegations in his original complaint by stating that he was initially placed in the Shelby County Jail in April of 2011. At that time, he notified the jail medical staff that he suffered from seizures and Dr. Scrooge prescribed Dilantin. The

plaintiff contends that Dr. Scrooge prescribed the medication without physically evaluating him, resulting in a dosage higher than he required, and after which he continued to suffer seizures off and on for a period of months. Although he received medical attention for these seizures, he complains that he never received a physical evaluation from Dr. Scrooge.

At one point, after suffering a seizure, the plaintiff fell down a flight of stairs. When he awoke, he was being attended by Nurse Kay and was surrounded by several jail staff members. However, rather than being taken to the infirmary, he was taken to a downstairs cell where he suffered another seizure late that night and was taken to the medical unit. Subsequently, he was seen by Dr. Scrooge, who concluded that his Dilantin dosage was too high and ordered him to be taken off the medication for one week, then to re-start the medication at a lower dosage. The plaintiff is now examined on a monthly basis in order to monitor the Dilantin level in his blood.

The plaintiff's additional allegations are not sufficient to state an Eighth Amendment claim against the named defendants. As the magistrate judge correctly pointed out, medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Harris v. Thigpen*, 941 F.2d 1495 (11th Cir. 1991). In this instance, neither the original complaint, nor the allegations asserted in the pending motion, are sufficient to meet this strict standard.

Even if the defendants have been negligent in diagnosing or treating his illness, that would not constitute a wrong actionable under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *McElligot v. Foley*, 182 F.3d 1248 (11th Cir. 1999). The plaintiff has presented no allegations which plausibly show that the treatment provided him fell short of minimum medical standards, much less that it was so "grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Harris*, 941 F.2d at 1505. More importantly, even if the defendants' acts or omissions constituted medical malpractice, that would not rise to the level of a constitutional claim actionable under § 1983.

As the Supreme Court has stated:

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 106. Therefore, so medical services provided a prisoner need not be perfect and where a prisoner has in fact been provided medical care for an injury or condition, the court will be hesitant to find an Eighth Amendment violation. *Waldrop v. Evans*, 871 F.2d 1030 (11th Cir. 1989).[1] In this case, the plaintiff has simply failed to allege

---

[1] "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Harris*, 941 F.2d at 1507, *quoting, Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

facts which, if proved, would plausibly show that the defendants violated his Eighth Amendment rights.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court finds that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  Accordingly, this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).  **A Final Judgment will be entered**.

DONE and ORDERED this 22nd day of November, 2013.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE